UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH E. HECHAVARRIA,

       Petitioner,

  -v-                                             15-CV-1058V
                                                         ORDER

LORETTA LYNCH, Attorney General of
the United States, et al.,

       Respondents.
_____

The instant Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, was filed *pro se* and challenged the petitioner's continued detention pending removal at the Buffalo Federal Detention Facility. On April 11, 2016, this Court (Hon. John T. Curtin) denied the petition. *See* Docket Item 9. Judge Curtin found that because the petitioner had filed a Petition for Review ("PFR") and Motion for a Stay of Removal with the United States Court of Appeals for the Second Circuit, the period during which the United States Department of Homeland Security ("DHS") was required to effectuate the petitioner's removal was "'effectively stayed.'" *Id.* at 12 (quoting *Luna-Aponte v. Holder*, 743 F. Supp. 2d 189, 190 (W.D.N.Y. 2010)).[1] In support of this conclusion, Judge Curtin cited the "'forbearance policy' recognized by [an] agreement between DHS and the Second Circuit under which DHS has agreed not to effectuate the removal of an alien while he or she has a PFR pending before the circuit court." *Id.* at 11 (citations omitted). In Judge Curtin's words, because "the detention challenged by the habeas

---

[1] Page references are to those generated by the Court Case Management and Electronic Case Filing (CM/ECF) System.

petition in this action ha[d] been prolonged by petitioner's own pursuit of judicial review of the final order of removal, the duration of his detention cannot be found to constitute a violation of his rights under the due process clause of the Fifth Amendment." *Id.* at 12 (citations omitted).

Alternatively, Judge Curtin found that under the due process standards articulated in *Zavydas v. Davis*, 533 U.S. 678, 701 (2001), the petitioner had failed to sustain his burden to demonstrate no significant likelihood that he could be removed to Jamaica in the foreseeable future. Docket Item 9 at 12-15. Judge Curtin also found that leave to appeal as a poor person should be denied because an appeal from the judgment entered would not have been taken in good faith. *Id.* at 15. Judgment therefore was entered denying the petition and denying leave to appeal as a poor person. Docket Item 10.

On April 26, 2016, the petitioner filed a Notice of Appeal, and on April 27, 2016, the petitioner filed a Motion to Stay Removal Pending Appeal, a Motion for Appointment of Counsel, and a Motion for Leave to Appeal *In Forma Pauperis*. Docket Items 11, 13-15. After Judge Curtin took inactive status, this action was transferred to the undersigned.

For the following reasons, each of these motions is DENIED.

**Motion to Stay Removal**

For the most part, the petitioner's motion to stay removal recites the language in Judge Curtin's order addressing DHS's and the Second Circuit's forbearance policy, argues that the order denying the petition was erroneous, and concludes that the petitioner therefore should be granted a stay of removal pending appeal. Docket Item

13. As a preliminary matter, the motion to stay is moot because, as Judge Curtin noted, the forbearance policy effectively stays removal as long as the petition for review remains pending before the Second Circuit.  Here, the Second Circuit's docket in *Hechavvaria v. Lynch*, 15-3331, indicates that a motion is pending and that a decision has not yet been entered.

Additionally, because this court does not have jurisdiction to review a final order of removal, it concomitantly does not have jurisdiction to stay a final order of removal. *See, e.g., Thomas v. Spitzer*, No. 05 CIV.5828(LTS)(DF), 2008 WL 4360550, at *2 (S.D.N.Y. Sept. 23, 2008) (order adopting report and recommendation) (only circuit courts have jurisdiction to stay removal); *Sikder v. Gonzalez*, No. CIVA05CV01833WYDMJW, 2006 WL 1149153, at *5 (D. Colo. Apr. 28, 2006) (order affirming and adopting report and recommendation) ("Nevertheless, pursuant to the [REAL ID] Act [of 2005], this court is without jurisdiction to hear the petitioner's claims or to grant him the relief he seeks in his motion, such as a stay of the order of removal."); *Morillo v. DHS & Bice Det. Ctr.,* No. 9:06-CV340(NAM)(DEP), 2006 WL 1007645, at *1 (N.D.N.Y. Apr. 17, 2006) ("Moreover, to the extent that Petitioner is only seeking a stay of his removal, this Court would also be without jurisdiction to address this request."); *Rodney v. Gonzalez*, 2006 WL 73731, at *2 (E.D.N.Y. Jan. 10, 2006).

Accordingly, petitioner's Motion to Stay Removal is DENIED without prejudice to re-filing in the Second Circuit.

**Motion for Appointment of Counsel**

The petitioner's Motion for Appointment of Counsel was filed after the petition was denied by Judge Curtin and at the same time his Notice of Appeal was filed. So again, the Second Circuit is the court in which the petitioner must seek relief. *See Jin Zhao v. State Univ. of New York*, 613 F. App'x 61, 62 (2d Cir. 2015) ("The filing of a notice of appeal . . . 'divests the district court of its control over those aspects of the case involved in the appeal.'" (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982))). In other words, because the petition is no longer pending in this court, the Court of Appeals is in the best position to assess the relevant standards regarding the appointment of counsel to a *pro se* litigant. Accordingly, the Motion for Appointment of Counsel also is DENIED without prejudice to re-filing in the Second Circuit.

**Motion to Proceed In Forma Pauperis on Appeal**

Judge Curtin's order denying the petition certified that any appeal from the judgment would not be taken in good faith and therefore that leave to appeal as a poor person should be denied. Docket Item 9 at 15. The judgment denying the petition also denied permission to appeal as a poor person. Docket Item 10. The undersigned will not revisit Judge Curtin's sound judgment. Accordingly, the Motion to Proceed *In Forma Pauperis* on Appeal is DENIED as well, again without prejudice to re-filing in the Second Circuit.

IT IS HEREBY ORDERED that the petitioner's motions to stay removal, appoint counsel, and proceed *in forma pauperis* on appeal are DENIED without prejudice to re-filing in the United States Court of Appeals for the Second Circuit.

SO ORDERED.

*s/ Lawrence J. Vilardo*
Lawrence J. Vilardo
United States District Judge

DATED:   July 22, 2016
         Buffalo, NY